Singh v. Sessions

BIA
Poczter, IJ
A201 106 151

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

RAJINDERPAL SINGH,
> *Petitioner,*

v.

16-161
NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rajinderpal Singh, a native and citizen of India, seeks review of a December 23, 2015, decision of the BIA, affirming a March 26, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajinderpal Singh,* No. A201 106 151 (B.I.A. Dec. 23, 2015), *aff'g* No. A201 106 151 (Immig. Ct. N.Y. City Mar. 26, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

2

in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies concerning Singh's date of birth.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Singh testified that he was born on December 8, 1997, then changed the year to 1976, and ultimately landed on 1977.  The IJ reasonably rejected Singh's explanation that the wrong dates "just came out of [his] mouth" because, as the IJ explained, a discrepancy concerning "one of the most basic facts" about him "called into question [his] actual identity" as well as "the veracity of the entire claim."  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."

3

(quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 77, 76 (2d Cir. 2004))).

The agency also reasonably relied on the several inconsistencies concerning the only two incidents of alleged persecution in August and November 2010—events central to his claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

First, Singh provided inconsistent statements about his injuries. Singh testified that he suffered injuries to his feet, head, and back following the August 2010 attack, but his father's affidavit added that Singh fractured both legs. When confronted with this discrepancy, Singh explained that his legs were *almost* fractured, that he was unable to walk for up to 20 days, and speculated that his father's illiteracy prevented him from articulating that nuance. The IJ was not compelled to accept this explanation given that Singh's testimony gave no indication of the supposed severity of the injury to his legs. *See Majidi*, 430 F.3d at 80. This inconsistency was compounded

4

by the omission of the leg injuries from Singh's application and from an August 2010 hospital record. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Singh could not explain the omission from his application and instead stated that he was *told* he sustained head and leg injuries. And the IJ was not compelled to accept Singh's explanation—that while he was *held* in the hospital for 48 hours, he was unable to walk for up to 20 days—because it failed to account for the stark discrepancy in the description of the injuries and his omission of the leg injuries from his asylum application. *See Majidi*, 430 F.3d at 80.

The agency also reasonably relied on Singh's internally inconsistent testimony concerning who visited him in the hospital in August 2010. 8 U.S.C. S 1158(b)(1)(B)(iii). Singh initially testified that he had no visitors; when pressed, he stated that "some relatives" visited, and later added a visit from the head of his political party.

As the agency found, Singh's credibility was further undermined by inconsistencies between his testimony and an affidavit from the village head. Singh testified that after his November 2010 beating, he, his father, and the village head

5

attempted to file a police report. When asked why the village head's affidavit omitted this information (and the November 2010 incident altogether), Singh responded that it was "normal" for the village head to accompany villagers to the police (and, presumably, not worth mentioning in the affidavit). The IJ reasonably rejected this explanation given the severity of the beating and the fact that Singh's cousin allegedly was killed in the same incident. *See Majidi*, 430 F.3d at 80. Moreover, the village head's affidavit and Singh's testimony were inconsistent in another way: the affidavit reflected that Singh and his family members were kidnapped, but Singh denied this. The IJ was not compelled to accept Singh's explanation that threats of kidnapping and kidnapping were the same because it failed to explain the inconsistency given that the affidavit mentioned both kidnapping and threats. *Id.*

Given the multiple inconsistencies identified, which primarily concerned Singh's alleged past persecution, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Contrary to Singh's position in his brief, the adverse credibility determination applies to both the August and November incidents. Accordingly, because asylum, withholding of

6

removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk